UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

DENNIS J. OWEN,                          )
                                         ) No. CV-09-183-JPH
          Plaintiff,                     )
                                         ) ORDER GRANTING DEFENDANT'S
v.                                       ) MOTION FOR SUMMARY JUDGMENT
                                         )
MICHAEL J. ASTRUE, Commissioner          )
of Social Security,                      )
                                         )
          Defendant.                     )
                                         )
_____  )

    BEFORE THE COURT are cross-motions for summary judgment noted
for hearing without oral argument on March 19, 2010 (Ct. Rec. 16,
18). Attorney Maureen J. Rosette represents Plaintiff; Special
Assistant United States Attorney David Johnson represents the
Commissioner of Social Security (Commissioner).  The parties have
consented to proceed before a magistrate judge (Ct. Rec. 8).
Plaintiff filed a reply on March 4, 2010 (Ct. Rec. 20). After
reviewing the administrative record and the briefs filed by the
parties, the court **GRANTS** Defendant's Motion for Summary Judgment
(Ct. Rec. 18) and **DENIES** Plaintiff's Motion for Summary Judgment
(Ct. Rec. 16).

**JURISDICTION**

    Plaintiff has filed three applications for supplemental
security income (SSI), on August 12, 1999, January 15, 2004, and
July 10, 2006 (Tr. 337). [The decision under review, issued
November 19, 2008, consolidated all three applications (Tr. 337).]
The Administrative Law Judge (ALJ) held hearings on May 6, 2008,

1  and September 11, 2008 (Tr. 931-965, 966-1002). Plaintiff,

2  represented by counsel, medical expert George Rodkey, M.D.,

3  psychologist Margaret Moore, Ph.D., and vocational expert K. Diane

4  Kramer, testified. Plaintiff's counsel stipulated to a step five

5  determination at the last hearing (Tr. 1002). On November 19,

6  2008, the ALJ issued a decision finding plaintiff is disabled when

7  substance abuse is included because his impairments meet the

8  requirements of Listing nos. 12.02,12.04,12.08, and 12.09 (Tr.

9  337-348). Having concluded plaintiff is disabled when his

10 substance abuse is included, the ALJ then addressed whether

11 plaintiff's substance abuse is a contributing factor material to

12 the disability determination. The ALJ found at step four of the

13 next sequential evaluation that if even plaintiff stopped abusing

14 substances (when DAA is excluded), he would be unable to  perform

15 his past relevant work (Tr. 346). Finally, the ALJ determined if

16 plaintiff stopped his substance abuse, there are a number of jobs

17 in the national economy he can perform; therefore, he is not

18 disabled (Tr. 340-343,347-348). The Appeals Council denied review

19 on June 2, 2009 (Tr. 320-323). Therefore, the ALJ's decision

20 became the final decision of the Commissioner, which is appealable

21 to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff

22 filed this action for judicial review pursuant to 42 U.S.C. §

23 405(g) on June 17, 2009 (Ct. Recs. 1,4).

24                           **STATEMENT OF FACTS**

25      The facts have been presented in the record and in the briefs

26 of both plaintiff and the Commissioner, and will only be

27 summarized here.

28      Plaintiff was 38 years old when he applied for benefits in

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 2 -

1999. He did not graduate from high school but earned a GED (Tr.
337,346,970-971). Mr. Owen owned a flooring business from 1993 to
1999 and worked as a carpet layer, a job described as heavy by the
VE (Tr. 346,971-972). Plaintiff alleges disability since his
application date due to hepatitis C and cirrhosis, a stroke
suffered in 2003 or 2004 secondary to methamphetamine overdose, an
inability to stand for long periods, depression, anxiety, memory
problems, chronic obstructive pulmonary disease (COPD), and acid
reflux (Tr. 972-974,976-977,989,995-996).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines "disability"
as the "inability to engage in any substantial gainful activity by
reason of any medically determinable physical or mental impairment
which can be expected to result in death or which has lasted or
can be expected to last for a continuous period of not less than
twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act
also provides that a Plaintiff shall be determined to be under a
disability only if any impairments are of such severity that a
plaintiff is not only unable to do previous work but cannot,
considering plaintiff's age, education and work experiences,
engage in any other substantial gainful work which exists in the
national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus,
the definition of disability consists of both medical and
vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156
(9th Cir. 2001).

The Commissioner has established a five-step sequential
evaluation process for determining whether a person is disabled.
20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person

1   is engaged in substantial gainful activities.  If so, benefits are

2   denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not,

3   the decision maker proceeds to step two, which determines whether

4   plaintiff has a medically severe impairment or combination of

5   impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

6       If plaintiff does not have a severe impairment or combination

7   of impairments, the disability claim is denied. If the impairment

8   is severe, the evaluation proceeds to the third step, which

9   compares plaintiff's impairment with a number of listed

10  impairments acknowledged by the Commissioner to be so severe as to

11  preclude substantial gainful activity. 20 C.F.R. §§

12  404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P

13  App. 1. If the impairment meets or equals one of the listed

14  impairments, plaintiff is conclusively presumed to be disabled. If

15  the impairment is not one conclusively presumed to be disabling,

16  the evaluation proceeds to the fourth step, which determines

17  whether the impairment prevents plaintiff from performing work

18  which was performed in the past. If a plaintiff is able to perform

19  previous work, that plaintiff is deemed not disabled. 20 C.F.R. §§

20  404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's

21  residual functional capacity ("RFC") assessment is considered. If

22  plaintiff cannot perform this work, the fifth and final step in

23  the process determines whether plaintiff is able to perform other

24  work in the national economy in view of plaintiff's residual

25  functional capacity, age, education and past work experience. 20

26  C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*,

27  482 U.S. 137 (1987).

28      The initial burden of proof rests upon plaintiff to establish

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                          - 4 -

a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

Plaintiff has the burden of showing that drug and alcohol addiction (DAA) is not a contributing factor material to disability. *Ball v. Massanari*, 254 F.3d 817, 823 (9th Cir. 2001). The Contract with America Advancement Act of 1996 (CAAA)bars payment of benefits when drug addiction and/or alcoholism is a contributing factor material to a disability claim. 42 U.S.C. §§ 423 (d)(2)(C) and 1382(a)(3)(J); *Bustamante v. Massanari,* 262 F.3d 949 (9th Cir. 2001); *Sousa v. Callahan*, 143 F.3d 1240, 1245 (9th Cir. 1998). If there is evidence of DAA and the individual succeeds in proving disability, the Commissioner must determine whether DAA is material to the determination of disability. 20 C.F.R. §§ 404.1535 and 416.935. If an ALJ finds that the claimant is not disabled, then the claimant is not entitled to benefits and there is no need to proceed with the analysis to determine whether substance abuse is a contributing factor material to disability. However, if the ALJ finds that the claimant is disabled, then the ALJ must proceed to determine if the claimant would be disabled if he or she stopped using alcohol or drugs.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 5 -

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570,572 (9th Cir. 1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112,1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599,601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573,576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389,401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289,293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20,22 (9th Cir. 1989)(*quoting Kornock v. Harris*, 648 F.2d 525,526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 6 -

may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577,579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432,433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

At step one the ALJ found Mr. Owen did not engage in substantial gainful activity after he applied for benefits (Tr. 340). At steps two and three, ALJ Payne found plaintiff suffers from hepatitis C, mild stroke[1], COPD, polysubstance abuse, cognitive disorder, dysthymic disorder, substance-induced mood disorder, and avoidant personality disorder, impairments that meet Listings 12.02, 12.04, 12.08, and 12.09 when DAA is included. Accordingly, he found plaintiff disabled when DAA is included (Tr. 340). Proceeding to the alternate five step evaluation as required, the ALJ found if Mr. Owen stopped abusing substances, his impairments would be severe but not of  Listings-level severity (steps two and three)(Tr. 341-342). At step four, relying

---

[1]Mr. Owen suffered a stroke and was brought to the ER on December 6, 2003. He tested positive for amphetamine and methamphetamine, as well as traces of cocaine and THC. The record indicates the stroke was secondary to methamphetamine overdose (Tr. 491-493,902).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 7 -

on the VE, the ALJ found even if Mr. Owen stopped abusing
substances, he would be unable to perform his past work. At step
five, again relying on the VE, the ALJ found plaintiff's RFC for a
range of light work enables him to work as a mail clerk, survey
worker, and parking lot cashier (light exertion), as well as at
sedentary jobs such as charge account clerk, telephone quotation
clerk, and surveillance system monitor (Tr. 346-347). The ALJ
found DAA was a contributing factor material to the disability
determination (Tr. 347). Accordingly, the ALJ found plaintiff is
barred from receiving benefits and therefore not disabled as
defined by the Social Security Act (Tr. 348).

**ISSUES**

Plaintiff contends the Commissioner erred as a matter of law
when the ALJ failed to properly credit medical opinions and found
DAA materially contributes to the disability finding. Mr. Owen
does not challenge the ALJ's negative assessment of his
credibility. The Commissioner asserts the Court should affirm the
ALJ's decision because it is without error and supported by the
evidence (Ct. Rec. 19 at 17).

///

**DISCUSSION**

**A. Weighing medical evidence**

In social security proceedings, the claimant must prove the
existence of a physical or mental impairment by providing medical
evidence consisting of signs, symptoms, and laboratory findings;
the claimant's own statement of symptoms alone will not suffice.
20 C.F.R. § 416.908. The effects of all symptoms must be evaluated
on the basis of a medically determinable impairment which can be

shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947, F.2d 341,345 (9th Cr. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597,604-605 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747,751 (9th Cir. 1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Cater*, 81 F.3d 821,830 (9th Cir. 1995). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587,592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1435,1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 9 -

treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747,751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d at 1042-43 (9th Cir. 1995).

**B. Evidence of mental impairment**

Mr. Owen asserts the ALJ's failure to properly credit the evidence of mental impairment resulted in a flawed RFC (Ct. Rec. 17 at 13). Specifically, he alleges the ALJ improperly weighed the opinions of: (1) two testifying psychologists: Margaret Moore, Ph.D., who testified at the current hearing, and W. Scott Mabee, Ph.D., who testified at a hearing in 2003; Dr. Mabee later evaluated plaintiff twice; (2) examining professionals Clark Ashworth, Ph.D., Dennis R. Pollack, Ph.D., Lance Harris, Ph.D., Gregory Charboneau, Ed.D., Angelique Tindall, Ph.D., and treatment provider Amy Burns, M.D.; and (3) agency reviewing psychologist Michael Brown, Ph.D. (Ct. Rec. 17 at 13-23).

As indicated, the ALJ found plaintiff disabled when DAA is included. Because he found Mr. Owen disabled, here at step three of the first five step evaluation, the only relevant inquiry on appeal is whether the second five step determination is supported by the evidence and free of legal error.

Plaintiff alleges the ALJ gave too much credit to Dr. Moore's testimony. He asserts the ALJ failed as a matter of law to properly allocate the burden of proving DAA is material to the disability finding.

With respect to his second argument, Mr. Owen alleges if the ALJ is unable to determine whether DAA is a contributing factor material to determining disability, plaintiff's burden has been met and he is entitled to benefits (Ct. Rec. 17 at 19). According

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                          - 10 -

to plaintiff, when there is a "tie" as to whether the materiality of DAA has been established, he wins (Ct. Rec. 17 at 19). As support, plaintiff's opening and reply briefs cite two out of circuit cases, *Brueggemann v. Barnhart*, 348 F.3d 689,693 (8th Cir. 2003); *cf. Sailors v. Barnhart*, 292 F.Supp.2d 1190 (D.Neb. 2003)(Ct. Recs. 17 at 19, 20 at 2).

The ALJ, on the other hand, appropriately relies on recent precedent from this Circuit:

> The undersigned gives... significant weight to the assessments done by Dr[.] Moore who [was] able to review the claimant's entire current medical record... Dr. Moore originally listed some mental limitations the claimant would have if he stopped using drugs, but on further consideration, she stated that she could not determine what [his] mental limitations would be absent his substance abuse. Exhibit B-47(F).

> The undersigned finds that the claimant has not carried his burden of proof to show he had mental limitations absent substance abuse. In *Parra v. Astrue,*[2] [the Ninth Circuit] clarified the burden of proof in the contributing factor analysis for materiality.

> First, the court explained that where the claimant satisfies the step five analysis, it is not correct that the Commissioner should bear the burden of proving that benefits should be denied. Rather, the burden is placed on the claimant, since the claimant "is the party best suited to demonstrate whether she would still be disabled in the absence of drug or alcohol addiction."

> Citing *Brown v. Apfel*, 192 F.3d 492,498(5th Cir. 1999), the *Parra* court continued that even where a medical expert called by the [ALJ] testifies that the evidence is inconclusive as to whether a disabling condition would resolve itself, if the claimant stopped using alcohol or drugs, that this state of affairs would not be sufficient to satisfy the claimant's burden of proof.

---

[2]481 F.3d 742 (9th Cir. 2007), *cert. denied*, 552 U.S. 1141, 128 S.Ct. 1068 (2008).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 11 -

1   The court rejected the argument that the burden of
2   proof may be shifted to the Commissioner on the
    materiality issue, since such an interpretation
3   runs contrary to the purpose of the statute, i.e.,
    to "discourage alcohol and drug abuse, or at least
4   not to encourage it with a permanent government
    subsidy."

5   As an example, the court stated an alcoholic
    claimant who presented inconclusive evidence of
6   materiality would have no incentive to stop drinking
    because abstinence would cause his claim to be
7   rejected. The claim would be guaranteed only as long
    as the substance abuse continued, and this
8   interpretation amounts to a scheme that effectively
    subsidizes substance abuse in contravention of the
9   statute's purpose.

10  (Tr. 344).

11      As the Commissioner points out, plaintiff fails to cite,

12  distinguish, or otherwise mention *Parra*, the case relied on by the

13  ALJ (Ct. Rec. 19 at 6-7).

14      The ALJ applied the correct law. This court recently noted,

15  relying on *Parra*, "if the claimant is found disabled with the

16  effects of substance addiction, it is the claimant's burden to

17  prove substance addiction is not a contributing factor material to

18  her disability." *Karol v. Astrue*, 2009 WL 3160352 (E.D.

19  Wash.)(citing *Parra v. Astrue*, 481 F.3d at 748). Plaintiff's

20  argument is without merit.

21      The ALJ considered plaintiff's credibility when he weighed

22  the conflicting opinions. He found plaintiff less than fully

23  credible, a finding Mr. Owen does not challenge on appeal (Tr.

24  344). Credibility determinations bear on evaluations of medical

25  evidence when an ALJ is presented with conflicting medical

26  opinions or inconsistency between a claimant's subjective

27  complaints and diagnosed condition. See *Webb v. Barnhart*, 433 F.3d

28  683,688 (9th Cir. 2005).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 1035,1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229,1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715,722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821,824 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915,918 (1993).

The ALJ partially credited plaintiff's testimony. He found credible Mr. Owen's complaints of confusion, mood disturbance, difficulty concentrating, thoughts of suicide, and memory problems, to the extent they describe limitations associated with continued drug use (Tr. 341).

With respect to claimed limitations when DAA is excluded, the ALJ gave several reasons for discrediting plaintiff's complaints: Mr. Owen failed to comply with treatment for hepatitis C, his testimony is inconsistent with statements to treatment providers, and he has been dishonest about drug use (Tr. 344). Each is a clear and convincing reason supported by substantial evidence.

At the last hearing, in September of 2008, plaintiff testified he quit all illegal drugs three or four years earlier

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                          - 13 -

(2004 or 2005), and stopped drinking in 2003 (Tr. 990,994). Six months before this testimony, a treatment provider notes plaintiff "uses drugs weekly, cocaine and THC" in unknown amounts (Tr. 855). The ALJ points out Mr. Owen tested positive for methamphetamine in November of 2007. In March of 2008, plaintiff admitted he continued using cocaine (Tr. 344, referring to Exhibits B-49F and 45F); *see* 3/7/08 at Tr. 849: says "has been doing a little bit of drugs"; and 3/14/08 at Tr. 850: reports last used cocaine a week ago and methamphetamine a month ago). As the Court held in *Verduzco v. Apfel*, 188 F.3d 1087,1090 (9th Cir. 1999), untruthfulness about substance abuse is a clear and convincing reason to reject a claimant's testimony.

Plaintiff has not complied with treatment (Tr. 340) and gives no good reason for failing to do so. In 2001, Mr. Owen underwent a year of treatment for hepatitis C but, as the ALJ notes, apparently drank, causing treatment to fail (Id., citing Exhibit B-12F; Tr. 220). Mr Owen began interferon treatment again in 2007. The ALJ notes in November of 2007, treatment provider Clinton Hedges, PAC, opined plaintiff was blatantly noncompliant with treatment and failed to return for followup appointments (Id., citing Exhibit B-44F; Tr. 820-822;960). Despite Mr. Owen's history of asthma, the ALJ observes, he continues to smoke against medical advice (Tr. 340 citing Exhibit B-37F; Tr. 637,639). Failing to follow a prescribed course of treatment can cast doubt on a claimant's sincerity. *Fair v. Bowen*, 885 F.2d 597,603 (9th Cir. 1989); *Thomas v. Barnhart*, 278 F.3d 947,958-959 (9th Cir. 2002).

The ALJ's reasons for finding plaintiff less than fully credible are clear, convincing, and fully supported by the record.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 14 -

*See Thomas,* 278 F. 3d at 958-959 (proper factors include inconsistencies in plaintiff's statements, inconsistencies between statements and conduct, and extent of daily activities).

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747,751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405 (g).

The record shows the ALJ gave clear and convincing reasons supported by substantial evidence for his unchallenged credibility assessment.

The ALJ considered Dr. Moore's testimony:

> [Dr. Moore] "originally listed some mental limitations the claimant would have if he stopped using drugs, but on further consideration, she stated that she could not determine what the claimant's mental limitations would be absent his substance abuse"

(Tr. 345).

The ALJ explains the revision:

> Dr. Moore noted that the various mental health evaluations indicated that the claimant was very impaired, but they had believed the claimant's substance abuse was in remission and did not consider that the claimant's mental limitations were caused by his continued drug use.

(Tr. 342).

The ALJ points out Dr. Moore is the only mental health professional who had accurate information about plaintiff's

ongoing substance abuse (Tr. 341). This alone is a specific,
legitimate reason to discount the contradicted opinions of the
other examining and reviewing professionals.

Mr. Owen told Dr. Ashworth in September of 2001 he last drank
and smoked marijuana more than a year ago (Tr. 147). Dr. Ashworth
diagnosed depressive disorder, NOS, and polysubstance abuse in
full sustained remission by self report (Tr. 150). In October of
2001, agency reviewing psychologist Michael Brown, Ph.D., assessed
DAA in remission; there is no notation the remission is self-
reported (Tr. 156,164). It appears any period of sobriety was
unfortunately short lived. Plaintiff's liver function was worse in
April of 2002 than in July of 2001, according to treating
physician Edmund Gray, M.D. (Tr. 206).

On March 5, 2003, Dr. Pollack assessed polysubstance
dependence in remission, presumably by self-report (Tr. 214).
Plaintiff told Dr. Pollack he stopped using but had one relapse at
Christmas (Tr. 211). Mr. Owen tested positive for methamphetamine
on March 29, 2005 (Tr. 598). On July 10, 2007, plaintiff told
evaluators Amy Crow and Angelique Tindall, Ph.D., he smoked
marijuana all day every day, until stopping a year earlier (Tr.
903). The ALJ properly rejected Dr. Pollock's opinion because it
failed to take into account ongoing DAA (Tr. 345). Any error in
the ALJ's other reasons is clearly harmless since it is unlikely
to change the result.

Lance Harris, Ph.D., evaluated plaintiff on March 18, 2005
(Tr. 581-586). Dr. Harris initially diagnosed several mental
disorders, including amphetamine dependence in alleged full,
sustained remission, until he saw the results of a March 29, 2005,

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 16 -

sample tested positive for methamphetamine (Tr. 587). He did not re-evaluate plaintiff but attached the test results to his report. Again the ALJ properly discounted diagnoses based on inaccurate information with respect to ongoing DAA (Tr. 341).

Dr. Mabee assessed plaintiff on June 2, 2006, and June 4, 2007 (Tr. 615-617, 790-794). At the first evaluation Mr. Owen claimed three years of abstinence; at the second, he reported no use of alcohol or drugs at this time (Tr. 617, 791). Dr. Mabee did not diagnose DAA-related disorders in either evaluation. Dr. Moore points out the second evaluation is notable "in that there was no questioning at all about the role of substance abuse," even with "red flags" of invalid PAI results and vague answers (Tr. 860, referring to Tr. 792).

Gregory Charbonneau, Ed.D., evaluated Mr. Owen on January 16, 2007 (Tr. 623-627). Plaintiff stopped drinking completely in 1999 or 2000. He used methamphetamine "quite a bit and for a long time" (Tr. 624). Dr. Charbonneau diagnosed cognitive disorder, NOS and dysthymic disorder, but nothing DAA-related (Tr. 627).

On March 14, 2008, Matthew Layton, M.D., assessed (among other conditions) polysubstance dependence in partial remission (Tr. 865). Dr. Layton appears to similarly rely on plaintiff's unreliable self-report with respect to his drug use, since Mr. Owen told treatment providers at Spokane Mental Health on March 7, 2008, he has been doing a little bit of drugs (Tr. 849), and on March 27, 2008, he uses cocaine and marijuana weekly (Tr. 855).

After Dr. Moore learned of plaintiff's ongoing substance abuse, she reviewed past evaluations (Tr. 860). She observes Dr. Mabee's June of 2007 and Dr. Tindall's July of 2007 evaluations

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 17 -

are notable for vague answers, admitted DAA with effects obvious on testing, and highly elevated and invalid scores. Dr. Moore opines the record does not fully support a dementia diagnosis; test scores are much more revealing of ongoing DAA. She concludes the vagueness attributed to dementia or mood disorder are just as likely due to DAA. Dr, Moore determined she could make no ratings without the effects of DAA (Tr. 860).

The ALJ properly weighed the evidence of psychological impairment. He answered the relevant question on appeal and found DAA material to the disability determination, a finding fully supported by the record and free of legal error.

**C. Evidence of physical impairment**

Mr. Owen alleges the ALJ failed to properly weigh evidence of his physical impairments. The Commissioner responds the ALJ properly considered all of the evidence of physical impairment, including the opinions of Dr. Rodkey, Fred Price, D.O., Philip Delich, M.D., and Louise Harder, M.D. (Ct. Rec. 19 at 14-16).

Plaintiff asserts the ALJ failed to credit Dr. Gray's April of 2003 opinion Mr. Owen's lung and liver problems were unlikely to improve (Ct. Rec. 17 at 23). Dr. Gray opined plaintiff's breathing problems were unlikely to improve *unless he quit smoking* (Tr. 574-575)(italics supplied). Although Dr. Gray believed plaintiff's liver problems were unlikely to improve short of a scientific breakthrough (Tr. 575), the Commissioner correctly observes plaintiff's subsequent  improvement contradicted Dr. Gray's opinion.

In November of 2006, treating physician Philip Delich, M.D., found no cirrhosis and normal liver enzymes (Tr. 633).  Dr. Rodkey

notes results of a pulmonary function test on April 13, 2006, showed only mild COPD limitations (Tr. 937).

With respect to plaintiff's other claimed limitations, Fred Price, D.O., examined Mr. Owen on June 26, 2004 (Tr. 525-533). He pointed out plaintiff took no medication and was not in mental health treatment (Tr. 527). Hobbies included working on cars. Dr. Price assessed an RFC for medium work (Tr. 527, 533). In April of 2006, examining doctor Louise Harder, M.D., assessed no severe impairments except urinary incontinence "which may improve with treatment" (Tr. 590). In January and March of 2008, treatment provider Barbara Tritt, PAC, noted plaintiff's medications worked well to control urinary symptoms and GERD (Tr. 892,984).

The ALJ properly considered plaintiff's credibility when he weighed the contradictory medical opinions. He also relied on Dr. Rodkey's testimony, to the extent it was supported by the record, and on the opinion of treating sources.

The record as a whole fully supports the ALJ's determinations Mr. Owen is disabled when DAA is included and DAA is contributing factor material to the disability determination.

The ALJ's assessment of the medical opinion and other evidence is supported by the record and without legal error.

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence..

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(Ct. Rec. 18)** is **GRANTED.**

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                        - 19 -

1    2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 16)** is

2  **DENIED.**

3    The District Court Executive is directed to file this Order,

4  provide copies to counsel for Plaintiff and Defendant, enter

5  judgment in favor of Defendant, and **CLOSE** this file.

6    DATED this 19th day of May, 2010.

7

8

9  ///

10                              s/ James P. Hutton

11                         JAMES P. HUTTON
                      UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 20 -